UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| AMERINET, INC.<br><br>Plaintiff,<br><br>v.<br><br>JOINT PURCHASING CORPORATION, and CREATIVE SOURCE CONCEPTS, INC.,<br><br>Defendants. | : | C.A. No. 07-91 ML |

**DEFENDANTS' MOTION TO STAY PROCEEDINGS**

Defendants Joint Purchasing Corporation ("JPC") and Creative Source Concepts, Inc. ("CSC") (collectively, "Defendants") respectfully move to stay all proceedings in this action, including Defendants' response to Plaintiff Amerinet, Inc.'s complaint, until after the pending motion to dismiss/transfer the related, first-filed case between the same parties, captioned *Joint Purchasing Corporation et al v. Amerinet, Inc. et al*, Case No. 07-CV-2298 (S.D.N.Y.) (hereinafter "New York action"), is resolved. Defendants request a stay until ten days after the motion to dismiss/transfer in the New York action is decided. The grounds for this motion are set forth in the accompanying memorandum of law.

Respectfully submitted,

JOINT PURCHASING CORPORATION,
CREATIVE SOURCE CONCEPTS, INC.,

By their attorneys,

*/s/ David A. Wollin*
David A. Wollin (#4950)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903

E-Mail: dwollin@apslaw.com
Phone: 401.274.7200
Fax: 401.351.4607
Dated: May 1, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of May, 2007, I did send a true copy of the within document by electronic means (ECF) to:

Linn F. Freedman, Esq.
Nixon Peabody, LLP
One Citizens Plaza, Suite 500
Providence, RI 02903

*/s/ David A. Wollin*

416351_1.doc

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| AMERINET, INC. | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 07-91 ML |
| JOINT PURCHASING CORPORATION, and CREATIVE SOURCE CONCEPTS, INC., | : | |
| Defendants. | : | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO STAY PROCEEDINGS**

Defendants Joint Purchasing Corporation ("JPC") and Creative Source Concepts, Inc. ("CSC") (collectively, "the Defendants") respectfully submit this memorandum of law in support of their motion to stay the present action, including the Defendants' response to Plaintiff Amerinet, Inc.'s ("Amerinet") complaint, until Amerinet's motion to dismiss/transfer the related, first-filed case between the same parties in the United States District Court for the Southern District of New York, captioned *Joint Purchasing Corporation et al v. Amerinet, Inc. et al*, Case No. 07-CV-2298 (S.D.N.Y.) (hereinafter "New York action"), is resolved. Defendants request a stay until ten days after the opposed motion to dismiss/transfer in the New York action to the District of Rhode Island is decided.

Because the New York action was the first-filed case and involves the same parties and underlying facts and many of the same disputed issues as the present action, the Defendants submit that a temporary stay is warranted to avoid wasting this Court's and the parties' resources until it is determined if the New York action will be transferred

to this Court or whether the New York federal district court believes the case should proceed in that forum.

**BACKGROUND**

The New York action and this case both involve disputes that arose after Defendants entered into an Asset Purchase Agreement ("Purchase Agreement"), dated March 11, 2004, with Amerinet's predecessor, Vector Healthsystems, Inc. ("Vector"). Under the terms of the Purchase Agreement, Defendants sold to Vector certain group purchasing contracts and participation agreements. The primary dispute between the parties centers on whether the sale of the names "Joint Purchasing Corporation" and "Creative Source Concepts, Inc." was incorporated into the terms of the Purchase Agreement, and whether Defendants have wrongfully retained certain administrative fees under certain medical supply contracts with GE Medical Systems.

On February 26, 2007, Defendant JPC commenced the New York action by filing suit against Amerinet and Amerinet Group Purchasing, LLC (another Amerinet predecessor-in-interest) in the New York State Supreme Court, New York County, seeking a declaration that Defendants did not sell the names "Joint Purchasing Corporation" and "Creative Source Concepts, Inc." to Vector in the Purchase Agreement, and requesting an injunction barring Amerinet and Amerinet Group Purchasing, LLC from using these names. Exhibit 1 (complaint). On March 16, Defendants filed their First Amended Complaint in the New York action against Amerinet, Amerinet Group Purchasing LLC, Vector, and General Electric Company seeking, in addition to the relief previously sought, interpleader requiring the defendants in the New York action to determine which, if any, of them was entitled to the administrative fees paid by GE. On

March 19, 2007, Amerinet filed for removal of the New York state court case to the United States District Court for the Southern District of New York. Exhibit 2 (docket sheet in New York action). An amended notice of removal was filed on March 28, 2007. *Id*.

On March 7, 2007 -- more than one week after Defendants commenced the New York action -- Amerinet commenced the present action in this Court against Defendants, requesting a declaration that Defendants sold the names "Joint Purchasing Corporation" and Creative Source Concepts, Inc." to Vector in the Purchase Agreement, and seeking recovery from Defendants of certain administrative funds that Amerinet claims were wrongfully retained under certain medical supply contracts with GE Medical Systems. Amerinet has not sued GE. The deadline for Defendants to respond to Amerinet's complaint is May 1, 2007.

On April 6 and 10, 2006, Amerinet, Vector and Amerinet Group Purchasing, LLC, moved in the United States District Court for the Southern District of New York to dismiss or transfer the New York action to this Court on the basis, *inter alia*, of improper venue. Exhibit 2. Amerinet, Vector and Amerinet Group Purchasing, LLC have yet to answer Defendants' complaint in the New York action, but if that case proceeds there it will inevitably include a counterclaim against Defendants based on the same allegation in this case of wrongful retention of administrative funds under the two medical supply contracts with GE Medical Systems. Defendants have opposed the motion to dismiss or transfer the New York action because the lawsuit was filed first in New York and was Defendants' chosen forum, the Purchase Agreement does not provide for exclusive venue

in Rhode Island, and New York is not an improper or inconvenient venue for the parties. *Id*. The motion to dismiss/transfer is pending in the Southern District of New York.

## ARGUMENT

Defendants respectfully request that this case be stayed until Amerinet's motion to dismiss/transfer the New York action to this Court is decided. A temporary stay is warranted to avoid wasting this Court's and the parties' resources until it is determined if the New York action, the first filed lawsuit, will be transferred to this Court or whether the New York federal district court believes the case should proceed in that forum. Significantly, the parties involved in the present action are also parties to the New York action and the disputes at bar in Rhode Island are identical to the issues that have been raised (or will later be raised in a counterclaim) in New York. Thus, in order to avoid parallel proceedings in two federal courts at the same time – with the attendant costs – a stay of the present proceedings is appropriate.

### A. This Court Has the Authority to Stay the Present Action to Avoid Piecemeal Litigation and To Avoid Wasting the Resources of the Court and the Parties

This Court has "the inherent power to stay proceedings for prudential reasons." *Microfinancial v. Premier Holidays Int'l, Inc.*, 385 F.3d 72, 77 (1st Cir. 2004) (citing *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936)). In particular, the power to stay proceedings

> is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.

*Landis*, 299 U.S. at 254-55.

A temporary stay is appropriate in this case. Amerinet and Defendants are parties to both the present action and the first filed New York action. A primary dispute in both actions is whether Defendants sold the names "Joint Purchasing Corporation" and "Creative Source Concepts, Inc." to Amerinet's predecessor, Vector, when the parties executed the Purchase Agreement. Moreover, if the New York action proceeds, it will undoubtedly include (by way of a counterclaim) Amerinet's claim of wrongful retention of the administrative fees associated with the GE Medical contracts. Because these two actions are currently pending in two separate federal courts sitting in different jurisdictions, it would be unreasonable and inefficient to proceed with the present action while the concurrent, parallel action is pending in the Southern District of New York. Thus, this Court should exercise its authority to stay the present case, particularly the Defendants' response to Amerinet's complaint, until the New York court decides whether that case should be transferred to this Court.

Amerinet will not be prejudiced if this Court temporarily stays the present proceedings. A short stay will not affect Amerinet's pending motion to dismiss/transfer the New York action or materially affect the course of these proceedings, since this case is in its infancy. On the other hand, if the Defendants are required to move forward with the present case before the motion to dismiss/transfer is decided, they will be prejudiced. They will be required to expend additional time and resources to proceed concurrently in two separate actions when, in fact, the New York action may be the only appropriate forum to litigate the parties' dispute. That is, if the New York court rules that it is the proper forum, the Defendants have a compelling argument that this case should be stayed or dismissed in favor of the New York action under, *inter alia*, the first-filed rule, as

discussed in Part B below. Defendants intend to so argue if the New York action remains in that jurisdiction. Thus, this Court should exercise its discretion to stay the present case temporarily until the motion to dismiss/transfer in the Southern District of New York is decided.

B. This Case Should Be Stayed Because <u>the New York Action Is the First-Filed Case</u>

This Court has held that the court in which the first-filed case was brought decides the question of whether or not the first-filed rule, or alternatively an exception to the first-filed rule, applies. *Cruz v. Hartford Casualty Ins. Co.*, C.A. No. 05-38S, 2005 WL 1231965, at *3 (D.R.I. May 20, 2005). Thus, this Court will defer the ultimate decision on the first-filed rule to the court where the case was first filed – here, the United States District Court for the Southern District of New York. Thus, a stay is warranted to allow the New York court to decide the pending motion to dismiss/transfer.

There is no dispute that Defendants filed the New York action first, on February 26, 2007. Amerinet did not commence the present case until March 7, 2007, over one week after the New York action was commenced. Although the New York action was initially commenced in New York state court and then later removed to New York federal court, the pivotal filing date for the New York action is February 26, 2007. This Court has held that if a case is commenced in state court, but is later removed to federal court after an identical action has been commenced in the interim in a different federal court, the first case commenced in state court is considered the first-filed case. *Feinstein v. Brown*, 304 F. Supp.2d 279, 282 (D. R.I. 2004).

A stay is warranted in this case because if the New York court determines that the dispute should proceed there, Defendants have a strong argument that this case should no

longer proceed in Rhode Island under the first-filed rule. In general, the first-filed case governs the choice of venue when two identical actions proceed concurrently. *Id.* (citing *Cianbro Corp. v. Curran Lavoie*, Inc., 814 F.2d 7, 11 (1st Cir. 1987)). This strong preference for the first-filed action is "a policy governed by equitable considerations" and, typically, prevails in the absence of a showing of balance of convenience in favor of the second action or special circumstances justifying priority to the second. *Id.* at 283 (quoting *SW Indus., Inc. v. Aetna Cas. & Sur. Co.*, 653 F. Supp. 631, 634 (D.R.I. 1987)). Here, Defendants filed in New York because that jurisdiction is a proper venue for the current litigation. JPC is a not-for-profit New York corporation, all parties to both cases currently do work in New York, the New York action is more comprehensive in terms of the parties involved, a substantial part of the events or omissions giving rise to the claims occurred in New York, and many of the witnesses necessary to the current litigation are located in the New York metropolitan area. Exhibit 3 (Affidavit of Christopher Moore, filed in the New York action); Exhibit 4 (Affidavit of Arthur Lehman, filed in the New York action); and Exhibit 5 (Affidavit of Lee Mermelstein, filed in the New York action). In light of the foregoing, it is Defendants' position that the New York action is the only proper forum for the present dispute. *Id*. at 283-84.

Accordingly, this case should be stayed while the New York court in the first-filed case resolves the pending motion to dismiss/transfer.

**CONCLUSION**

For the foregoing reasons, Defendants respectfully request that this Court grant Defendants' motion to stay all proceedings in the present action, including their response to Amerinet's complaint, pending the resolution of the motion to dismiss/transfer filed in the United States District Court of the Southern District of New York. Defendants request a stay until ten days after the motion to dismiss/transfer in the New York action is decided.

Respectfully submitted,

JOINT PURCHASING CORPORATION,
CREATIVE SOURCE CONCEPTS, INC.,

By their attorneys,

*/s/ David A. Wollin*
David A. Wollin (#4950)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
E-Mail: dwollin@apslaw.com
Phone: 401.274.7200
Fax: 401.351.4607
Dated: May 1, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of May, 2007, I did send a true copy of the within document by electronic means (ECF) to:

Linn F. Freedman, Esq.
Nixon Peabody, LLP
One Citizens Plaza, Suite 500
Providence, RI 02903

*/s/ David A. Wollin*

*416351_1.doc*