UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| AMERINET, INC.<br><br>Plaintiff,<br><br>v.<br><br>JOINT PURCHASING CORPORATION, and CREATIVE SOURCE CONCEPTS, INC.,<br><br>Defendants. | : | C.A. No. 07-91 ML |

**DEFENDANTS' MOTION TO DISMISS**

Defendants Joint Purchasing Corporation ("JPC") and Creative Source Concepts, Inc. ("CSC") (collectively, "Defendants") respectfully move to dismiss this case under the "first-filed rule" in favor of an earlier filed lawsuit pending in the United States District Court for the Southern District of New York captioned *Joint Purchasing Corporation et al v. Amerinet, Inc. et al*, Case No. 07-CV-2298 (S.D.N.Y.), or alternatively pursuant to Rules 12(b)(6) and 12(b)(7) of the Federal

Rules of Civil Procedure. The grounds for this motion are set forth in the accompanying memorandum of law.

Respectfully submitted,

JOINT PURCHASING CORPORATION,
CREATIVE SOURCE CONCEPTS, INC.,

By their attorneys,

*/s/ David A. Wollin*
David A. Wollin (#4950)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
E-Mail: dwollin@apslaw.com
Phone: 401.274.7200
Fax: 401.351.4607
Dated: June 5, 2007

**ORAL ARGUMENT REQUESTED: ONE HOUR**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of June, 2007, I did send a true copy of the within document by electronic means (ECF) to:

Linn F. Freedman, Esq.
Nixon Peabody, LLP
One Citizens Plaza, Suite 500
Providence, RI 02903

*/s/ David A. Wollin*

*419159_1.doc*

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| AMERINET, INC. | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 07-91 ML |
| JOINT PURCHASING CORPORATION, and CREATIVE SOURCE CONCEPTS, INC., | : | |
| Defendants. | : | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS**

Defendants Joint Purchasing Corporation ("JPC") and Creative Source Concepts, Inc. ("CSC") (collectively, "the Defendants") respectfully submit this memorandum of law in support of their motion to dismiss this case under the "first-filed rule" in favor of an earlier filed lawsuit pending in the United States District Court for the Southern District of New York captioned *Joint Purchasing Corporation et al v. Amerinet, Inc. et al*, Case No. 07-CV-2298 (S.D.N.Y.) (hereinafter "New York action"), or alternatively pursuant to Rules 12(b)(6) and 12(b)(7) of the Federal Rules of Civil Procedure.

There are three independent grounds for dismissing this case. First, this case should be dismissed under the first-filed rule – a universally followed doctrine that normally governs the choice of venue when identical actions are proceeding concurrently in two federal courts. Here, Defendants' first filed lawsuit in New York involving the same parties and underlying facts and many of the same disputed issues as the present action should control over this action.

Second, even if this case remains in Rhode Island, dismissal is warranted under Rule 12(b)(6) for failure to state a claim because the Plaintiff in this case, Amerinet, Inc., did not

succeed to the assets at issue in this case which form the basis of the asserted claims. Rather, it was a separate company, Amerinet Group Purchasing, LLC, that succeeded to those assets. Thus, Amerinet, Inc. has no claim to assert in this case.

Third, even if Amerinet, Inc. has a viable claim, the case should be dismissed pursuant to Rule 12(b)(7) for failure to join a party under Rule 19 unless Amerinet Group Purchasing, LLC is joined as a party to this lawsuit.

## BACKGROUND

The New York action and this case both involve disputes that arose after Defendants entered into an Asset Purchase Agreement ("Purchase Agreement"), dated March 11, 2004, with Vector Healthsystems, Inc. ("Vector"). Under the terms of the Purchase Agreement, Defendants sold to Vector certain group purchasing contracts and participation agreements. The primary dispute between the parties centers on whether the sale of the names "Joint Purchasing Corporation" and "Creative Source Concepts, Inc." was incorporated into the terms of the Purchase Agreement, and whether Defendants have wrongfully retained certain administrative fees under certain medical supply contracts with GE Medical Systems.

On February 26, 2007, JPC commenced the New York action by filing suit against Amerinet, Inc. and Amerinet Group Purchasing, LLC in New York State Supreme Court, New York County, seeking a declaration that JPC and CSC did not sell the names "Joint Purchasing Corporation" and "Creative Source Concepts, Inc." to Vector in the Purchase Agreement, and requesting an injunction barring Amerinet, Inc. and Amerinet Group Purchasing, LLC from using these names. Exhibit 1 (complaint). On March 16, JPC and CSC filed their First Amended Complaint in the New York action against Amerinet, Inc., Amerinet Group Purchasing

LLC, Vector and General Electric Company ("GE") seeking, in addition to the relief previously sought, interpleader requiring the defendants in the New York action to determine which, if any, of them was entitled to the administrative fees paid by GE. On March 19, 2007, the defendants in the New York action filed for removal of the New York state court case to the United States District Court for the Southern District of New York. Exhibit 2 (docket sheet in New York action). An amended notice of removal was filed on March 28, 2007. *Id.*

On March 7, 2007 -- more than one week after the New York action was commenced – Amerinet, Inc. commenced the present action in this Court against Defendants. Amerinet, Inc. claims that on April 10, 2006 it became the successor in interest to Vector's rights in the March 11, 2004 Purchase Agreement. Complaint at ¶ 2. Amerinet, Inc. is requesting a declaration that Defendants sold the names "Joint Purchasing Corporation" and Creative Source Concepts, Inc." to Vector in the Purchase Agreement, and seeking recovery from Defendants of certain administrative funds that Amerinet, Inc. claims were wrongfully retained under medical supply contracts with GE Medical Systems. *Id.* at ¶¶ 8-25. Amerinet Group Purchasing, LLC has not been made a party to this lawsuit.

On April 6 and 10, 2006, Amerinet, Inc. Amerinet Group Purchasing, LLC and Vector moved in the United States District Court for the Southern District of New York to dismiss or transfer the New York action to this Court on the basis, *inter alia*, of improper venue. Exhibit 2. Amerinet, Inc., Amerinet Group Purchasing, LLC and Vector have yet to answer Defendants' complaint in the New York action, but if that case proceeds there it will inevitably include a counterclaim against Defendants based on the same allegation in this case of wrongful retention of administrative funds under the two medical supply contracts with GE Medical Systems. Defendants have opposed the motion to dismiss or transfer the New York action because the

lawsuit was filed first in New York and was Defendants' chosen forum, the Purchase Agreement does not provide for exclusive venue in Rhode Island, and New York is not an improper or inconvenient venue for the parties. *Id.* The motion to dismiss/transfer is pending in the Southern District of New York.

On May 1, 2007, Defendants moved to stay all proceedings in this action, including a response to Amerinet, Inc.'s complaint until the motion to dismiss/transfer the related, first-filed case pending in the New York action was resolved by that court. *See Cruz v. Hartford Casualty Ins. Co.*, C.A. No. 05-38S, 2005 WL 1231965, at *3 (D.R.I. May 20, 2005) (ruling that the court in which the first-filed case was brought decides the question of whether or not the first-filed rule, or alternatively an exception to the first-filed rule, applies). The Court denied the motion to stay by order dated May 22, 2007. By stipulation entered by the Court, Defendants have until June 6, 2007 to answer or otherwise respond to the complaint in this case. Defendants now move to dismiss this action.

**ARGUMENT**

I. THIS CASE SHOULD BE DISMISSED UNDER THE FIRST FILED RULE

On May 1, 2007, Defendants moved to stay all proceedings in this action, including a response to Amerinet, Inc.'s complaint, until the motion to dismiss/transfer the related, first-filed case pending in the New York action was resolved by that court. Relying on *Cruz v. Hartford Casualty Ins. Co.*, C.A. No. 05-38S, 2005 WL 1231965, at *3 (D.R.I. May 20, 2005), Defendants' position was that the New York court should decide the applicability of the first filed rule and therefore Defendants did not brief to any considerable degree the substance of the first filed rule in its stay papers. This Court denied Defendants' motion to stay to allow the New

York federal court to decide the applicability of the first filed rule, and thus Defendants now raise before this Court the applicability of the first filed rule.[1]

This case should be dismissed under the first filed rule. That rule is an equitable doctrine of venue selection that is followed universally and provides that the first filed case generally governs the choice of venue when two identical actions proceed concurrently. *Feinstein v. Brown*, 304 F. Supp.2d 279, 282 (D. R.I. 2004) (and cases cited therein). This strong preference for the first-filed action is "a policy governed by equitable considerations" and typically prevails in the absence of a showing of balance of convenience in favor of the second action or special circumstances justifying priority to the second. *Id.* at 283 (quoting *SW Indus., Inc. v. Aetna Cas. & Sur. Co.*, 653 F. Supp. 631, 634 (D.R.I. 1987)).

In this case, Defendants filed in New York first because that jurisdiction is a proper venue for the current litigation.[2] JPC is a not-for-profit New York corporation, CSC is a New Jersey corporation having its principal place of business in New York, the parties in both cases currently are qualified to do business in New York, the New York action is more comprehensive in terms of the parties involved, a substantial part of the events giving rise to the claims occurred in New York, and many of the witnesses necessary for the current litigation are located in New

[1] In opposing Defendants' stay motion, Amerinet, Inc. argued that, although it was appropriate for the New York court to decide the applicability of the first filed rule, this Court should not defer to that court and instead deny the motion to stay because the parties' forum selection clause required them to litigate in Rhode Island, Defendants had waived any objections to venue in this Court, and departure from the first filed rule was appropriate to encourage alternative dispute resolution and given the procedural posture of both cases. However, Defendants did not raise or brief any of these issues in the stay papers, and there is nothing in the Court's order – issued before Defendants could file a reply -- indicating it was ruling substantively on these arguments or beyond what Defendants' motion had sought -- a stay of its response to Amerinet, Inc.'s complaint pending resolution of the first filed rule by the New York court. To the extent Defendants are in error in regard to the scope of the Court's ruling, they move for reconsideration based on arguments that Defendants did not have an opportunity to present before, such as the scope of the forum selection clause.

[2] This Court has held that if a case is commenced in state court, but is later removed to federal court after an identical action has been commenced in the interim in a different federal court, the first case commenced in state court is considered the first-filed case. *Feinstein*, 304 F. Supp.2d at 282.

York. Affidavit of Christopher Moore at ¶¶ 2, 11-14 (Exhibit 3); Affidavit of Arthur Lehman at ¶¶ 2-4 & Exh. A-C (Exhibit 4); Affidavit of Lee Mermelstein at ¶¶ 6-7 (Exhibit 5).

Moreover, the first-filed New York action and the second-filed Rhode Island action embrace the same issues; indeed the claims are more comprehensive in New York. Defendants' claims in the New York action are set forth in the First Amended Complaint. Affidavit of Arthur Lehman at ¶ 2, Exh. A (Exhibit 4). In this action, Amerinet, Inc. essentially asserts two claims under several different theories, seeking the same relief. Amerinet, Inc. seeks to recover the funds paid by GE to JPC in Counts I through VI. In Count VII, Amerinet, Inc. seeks a declaratory judgment that Defendants transferred their names to Vector in the Purchase Agreement. These same claims are addressed in the New York action in Defendants' first and seventh causes of action in their First Amended Complaint. In addition, Defendants seek damages against Amerinet, Inc., Amerinet Group Purchasing, LLC and Vector for their other breaches of the Purchase Agreement, including damages for misappropriation of Defendants' names and failure to promote the Magnet group purchasing contracts and the limited liability company business structure concept. In addition, the First Amended Complaint names Vector as an individual defendant because Amerinet Group Purchasing, LLC bought Vector in 2006 and assumed its liabilities incurred after the purchase, but Vector remains liable for its actions taken before the purchase. Further, the First Amended Complaint in New York asserts a claim against GE as an interpleader defendant; GE is the only other possible claimant to the GE funds and is an appropriate party in the New York action. Thus, the action before this Court and the New York action embrace the same claims and the first filed rule applies.

A. Balance of Convenience Factors

In this case, the first filed rule cannot be overcome by a showing that the balance of convenience favors the venue of the later-filed action. *Feinstein*, 304 F. Supp.2d at 283. The factors traditionally weighed in the balance of convenience include: 1) the plaintiff's choice of forum in the first filed action; 2) the convenience of the parties; 3) the convenience of the witnesses and location of documents; 4) any connection between the forum and the issues; 5) the law to be applied; and 6) the state or public interest at stake. *Id.* Amerinet, Inc. has the burden of demonstrating the Defendants' choice of forum in New York is "substantially more inconvenient" than proceeding in Rhode Island. *Id*. at 284.

Not only can Amerinet, Inc. not meet its burden of showing substantial inconvenience, all of the foregoing factors except one support the conclusion that the first filed action in New York is the more convenient. The first factor – Defendants' choice of forum -- supports New York as the forum.

The second factor -- the convenience of the parties -- also supports New York. Certainly, New York is the most convenient for Defendants. JPC is a not-for-profit New York corporation with very little income, and CSC, a New Jersey corporation, has its principal place of business in New York. Affidavit of Christopher Moore at ¶¶ 11-14 (Exhibit 3). Neither has offices nor employees in Rhode Island. *Id*. at ¶ 12. On the other hand, Amerinet, Inc. is not a Rhode Island corporation and does not have its principal place of business in Rhode Island. As reflected in its complaint, Amerinet, Inc. is a Delaware corporation having its principal place of business in Missouri. Complaint at ¶ 1.

The third factor -- the convenience of the witnesses and location of documents -- also supports New York. Many of the relevant and crucial witnesses are located in New York and

certainly outside of Rhode Island. They include seven current or former JPC and CSC employees who are listed in Christopher Moore's affidavit. Affidavit of Christopher Moore at ¶ 13 (Exhibit 3) (listing seven witnesses and their relevant knowledge). To be sure, Amerinet, Inc. has witnesses from Rhode Island. However, Amerinet, Inc.'s employees would be located in Missouri, not Rhode Island, and would have no problem litigating this case in New York. Likewise, much of the documentary evidence would exist in New York, Missouri and perhaps in Rhode Island. *Id*. at ¶ 12. The parties can equally avail themselves of third-party subpoenas to take depositions and obtain documents located outside of New York.[3]

With respect to the fourth factor -- the connection of the first filed forum with the issues – it is difficult to conceive that Rhode Island would have an interest in this dispute since none of the parties to this case are from Rhode Island. New York has far more interest in the controversy given JPC is a not-for-profit New York corporation and all parties do business in that state.

The fifth factor – the law to be applied – is neutral since the Governing Law provision of Purchase Agreement, Section 16.3, makes both Rhode Island law and New York law applicable depending upon the circumstances. The pertinent text of Section 16.3 is as follows:

> Governing Law. This Agreement has been made in and its validity, interpretation, construction and performance shall be governed by and be in accordance with the laws of the State of Rhode Island, without regard to conflicts of law principles, **but subject to any provisions of the New York Not-For-Profit Corporation Law to the extent applicable to JPC, which shall govern in any such circumstance.** (emphasis added).

That the Purchase Agreement will be construed pursuant to Rhode Island law is not an overriding factor since this case raises straightforward issues of contract interpretation and the legal issues are not complex. *See Citicorp Leasing, Inc., v. United American Funding, Inc.,* No. 03 CIV 1586 (WHD), 2004 WL 102761, at *6 (S.D.N.Y. 2004).

[3] To the extent the negotiations and execution of the Purchase Agreement have any relevance here, they occurred both in New York and Rhode Island. Affidavit of Lee Mermelstein at ¶¶ 3-5, 7 (Exhibit 5).

As to the sixth factor – the state or public interest at stake – the public interest strongly favors the New York forum. JPC is a New York not-for-profit corporation, is engaged in offering educational programs in New York, and this action is of local interest. In fact, the transaction that is the subject of this action could not go forward until the parties received formal approval from the Attorney General of the State of New York Charities Bureau, which will have a continuing interest in the outcome of this action. Affidavit of Lee Mermelstein at ¶ 6 (Exhibit 5). There is no such interest at stake that would militate in favor of Rhode Island.

Thus, Amerinet, Inc. cannot meet its burden of showing that the balance of convenience so overwhelmingly favors venue in Rhode Island that it overcomes the presumption accorded Defendants by the first filed rule. *Feinstein*, 304 F. Supp.2d at 284.

B. Special Circumstances

Defendants anticipate that Amerinet, Inc. will argue that there are two special circumstances justifying giving priority to the second filed case, here in Rhode Island. First, Amerinet, Inc. will rely upon the Governing Law provision of the Purchase Agreement and argue that it requires *exclusive* jurisdiction in Rhode Island. Amerinet, Inc.'s argument lacks any merit since the Purchase Agreement does not mandate Rhode Island as the exclusive jurisdiction for suit. Section 16.3 of the Purchase Agreement provides in relevant part:

> Governing Law. This Agreement has been made in and its validity, interpretation, construction and performance shall be governed by and be in accordance with the laws of the State of Rhode Island, without regard to conflicts of law principles, but subject to any provisions of the New York Not-For-Profit Corporation Law to the extent applicable to JPC, which shall govern in any such circumstance. Each party irrevocably agrees that any legal action or proceedings against or with respect to this Agreement **may be brought** in the courts of the State of Rhode Island, or in any United States District court of Rhode Island, and, by its execution and delivery of this Agreement, each party hereby irrevocably submits to each such jurisdiction and hereby irrevocably waives any and all objections which it may have as to venue in any of the above courts, but subject to the **exclusive** jurisdiction of any appropriate Court of the State of New York or

> administrative proceeding in such State arising from any matter which requires the participation of any department or governmental agency of the State of New York, including but not limited to the Office of the Attorney General, because of the not-for-profit status of JPC. (emphasis added)

As the plain language indicates, the forum provision set forth above is permissive and amounts to nothing more than a consent by the Defendants to jurisdiction of the Rhode Island courts. *See* Affidavit of Lee Mermelstein at ¶ 7 (Exhibit 5). It is not a mandatory forum selection clause that requires that any lawsuit be brought exclusively in Rhode Island. *AAR International, Inc. v. Nimelias Enterprises S.A.*, 250 F.3d 510, 525-26 (7th Cir. 2001); *Blanco v. Banco Industrial de Venezuela, S.A.*, 997 F.2d 974, 979 (2d Cir. 1993); *Kingsway Financial Services, Inc. v. Pricewaterhousecoopers, LLP*, 420 F. Supp.2d 228, 234 (S.D.N.Y. 2005); *Florida State Board of Admin. v. Law Engineering & Envt'l Services, Inc.*, 262 F. Supp.2d 1004, 1009-10 (D. Minn. 2003); *Mitchell Health Tech., Inc. v. Naturewell, Inc.*, No. 02-C-0439-C, 2002 WL 32362650, at *2 (W.D. Wis. 2002) .

In *Blanco*, the Second Circuit considered a forum selection clause which provided that legal actions "may be brought" in the courts of England, New York or Venezuela. Plaintiff commenced action in New York and the defendant moved to dismiss the action on the ground of *forum non conveniens*. The Second Circuit held that the forum selection clause was merely permissive: "the Forum Provision is properly construed as a permissive consent-to-jurisdiction provision, and not a mandatory and exclusive forum selection clause. We reach this conclusion solely because of the nonmandatory words the parties chose to express their agreement, and not, as the dissent apprehends, because the permissive clause contemplates more than one forum." *Id*. The Second Circuit noted that "irrevocable consent" and waiver of objections by a party to a permissive forum selection clause, as in the Purchase Agreement in this case, did not "strengthen" the force of the provision. *Id.* Other courts addressing nearly identical forum

selection clauses with the "may be brought" and "irrevocably submits" or "irrevocably consents" language have reached the same conclusion. *See, e.g.*, *Kingsway Financial Services*, 420 F. Supp.2d at 234 & n. 6; *Mitchell Health Tech.*, 2002 WL 32362650, at *2. As the Second Circuit explained in a later case, "The general rule in cases containing forum selection clauses is that '[w]hen only jurisdiction is specified the clause will generally not be enforced without some further language indicating the parties' intent to make jurisdiction exclusive.'" *John Boutari & Son, Wines & Spirits, S.A., v Attiki Importers & Distributors Inc.*, 22 F.3d 21, 22 (2d Cir. 1994) (and cases cited therein). *See also City of New York v. Pullman, Inc.*, 477 F. Supp. 438, 442, n.11 (S.D.N.Y. 1979) ("an agreement conferring jurisdiction in one forum will not be interpreted as excluding jurisdiction elsewhere unless it contains specific language of exclusion. . . ."); *Citicorp Leasing, Inc.*, 2004 WL 102761, at *1 (S.D.N.Y. 2004) (a forum selection clause is not mandatory and "will generally not be enforced without some further language indicating the parties' intent to make jurisdiction exclusive.").

Clearly, the parties in this case chose non-mandatory language in the forum selection clause. By agreeing that any action "may be brought" in the courts of Rhode Island, the parties chose not to use language of exclusivity. In stark contrast, where the parties intended to make venue exclusive (in the case of actions involving the New York Attorney General), the parties intentionally used the word "exclusive" to make it clear that such actions could be brought only in the courts of New York. Affidavit of Lee Mermelstein at ¶ 7 (Exhibit 5). Likewise, when the parties wanted to require that Rhode Island law would govern the validity, interpretation, construction and performance of the Purchase Agreement, they used the word "shall." *See Florida State Board of Admin.*, 262 F. Supp.2d at 1010 (noting significance between the words "may" and "shall" in forum selection clause). Accordingly, in the absence of any language

indicating that the parties intended Rhode Island to be the exclusive jurisdiction and venue, the governing contract does not bar Defendants from placing venue in New York.

Second, Amerinet, Inc. is likely to argue that Defendants "raced to the courthouse." As detailed in the affidavits of Christopher Moore, JPC President, and Arthur Lehman, counsel for Defendants, at the time Defendants filed suit in New York, the parties were already litigating other aspects of their dispute (concerning issues not raised in this case) in an arbitration proceeding under a related Management Services Agreement. Affidavit of Christopher Moore at ¶¶ 5-6 (Exhibit 3); Affidavit of Arthur Lehman at ¶ 3 (Exhibit 6). The arbitration proceedings did not address the issues in this case because the Purchase Agreement contained no arbitration provision. Affidavit of Arthur Lehman at ¶ 3 (Exhibit 6). Thus, it was totally appropriate for Defendants to file suit when they did in New York to resolve their remaining disputes under the Purchase Agreement itself. Indeed, even after suit was filed, as Attorney Lehman recounts, "Mr. Wells [Amerinet, Inc.'s counsel] and I discussed our respective views of the arbitration process, and were of the like mind in our preference for judicial resolution of disputes instead of arbitration." *Id*. at ¶ 5. During that call, Attorney Lehman and Wells discussed the future posture of the case and the fact that the Amerinet arbitration claims would become counterclaims in the New York State action. *Id*. With full knowledge of the New York State action, Wells notified the American Arbitration Association in writing the next day that Amerinet, Inc. was withdrawing its arbitration claims without prejudice. *Id*.

Thus, the parties were already "litigating" their disputes at the time the New York action was filed. Defendants never misled Amerinet, Inc. into foregoing or postponing litigation nor reacted to any notice by Amerinet, Inc. by literally sprinting to the courthouse the same day. *Feinstein*, 304 F. Supp.2d at 283. At no time was the filing of the New York state court action a

race to the courthouse or anticipatory forum shopping. Affidavit of Christopher Moore at ¶ 11 (Exhibit 3). Thus, are no special circumstances here that overcome the presumption favoring the first-filed action in New York and the case should be dismissed.

## II. AMERINET, INC.'S COMPLAINT FAILS TO STATE A CLAIM

Even if this case remains in Rhode Island, dismissal is warranted under Rule 12(b)(6) for failure to state a claim because the Plaintiff in this case, Amerinet, Inc., did not succeed to the assets at issue in this case which form the basis of the asserted claims.

Although Amerinet, Inc. alleges in the complaint that it is the successor in interest to Vector's rights in the May 11, 2004 Purchase Agreement when Vector "transferred the entirety of its interest in these assets to Amerinet, Inc. on April 10, 2006," Complaint at ¶ 2, the documents in Defendants' possession show that the assets were transferred to *Amerinet Group Purchasing, LLC*, not Amerinet, Inc. *See* Exhibit 7 (letters from Vector notifying Defendants that the assets were transferred to Amerinet Group Purchasing, LLC). Indeed, a September 25, 2006 amendment to the Purchase Agreement was executed between Defendants and Amerinet Group Purchasing, LLC, not Amerinet, Inc.[4] (Exhibit 8). Amerinet Group Purchasing, LLC is a separate company from Amerinet, Inc. and is qualified to do business in New York. Affidavit of Arthur Lehman at ¶ 3 & Exh. B (Exhibit 4). Thus, Amerinet, Inc. has no claim to assert in this case and the case should be dismissed on that basis.[5]

---

[4] Although courts ordinarily may not look beyond the pleadings in order to resolve a motion to dismiss, where, as here, Amerinet, Inc. failed to attach to its complaint a document that is central to its claims, it is appropriate for the Court to consider that document. *Fudge v. Penthouse Int'l, Ltd.*, 840 F.2d 1012, 1015 (1st Cir. 1988) ("when plaintiff fails to introduce a pertinent document as part of his pleading, defendant may introduce the exhibit as part of his motion attacking the pleading."). Alternatively, the Court may treat the motion as one for summary judgment pursuant to Fed. R. Civ. P. 56.

[5] Defendants are unaware of any assignment of Amerinet, Inc.'s rights to Amerinet Group Purchasing, LLC. The Management Services Agreement dated March 11, 2004 between Vector and JPC (pursuant to which the GE funds

## III. THE CASE SHOULD BE DISMISSED FOR FAILURE TO JOIN AMERINET GROUP PURCHASING, LLC PURSUANT TO RULE 19

Lastly, even assuming, *arguendo*, that Amerinet, Inc. is a proper party with a claim in this case, the case nonetheless should be dismissed pursuant to Rule 12(b)(7) for failure to join a party under Rule 19. Rule 19 furthers several related policies, including the public interest in preventing multiple and repetitive litigation, the interest of the present parties in obtaining complete and effective relief in a single action, and the interest of abstentees in avoiding the possible prejudicial effect of deciding the case without them." *Acton Co. of Mass. v. Bachman Foods, Inc.*, 668 F.2d 76, 78 (1st Cir. 1982). Rule 19 defines a two-step process. In the first step under Rule 19(a), the court determines whether a party is necessary – one who must be joined if feasible to do so. Necessary parties are those "who ought to be made parties, in order that the court may act on that rule which requires it to decide on, and finally determine the entire controversy, and do complete justice, by adjusting all rights involved in it." *Shields v. Barrow*, 58 U.S. 130, 139 (1854). A court essentially will decide whether considerations of efficiency and fairness, growing out of the particular circumstances of the case, require that a particular person be joined as a party." *Pujol v. Shearson/American Express, Inc.*, 877 F.2d 132, 134 (1st Cir. 1989). If the party is necessary but joinder is not feasible, the court must then determine under Rule 19(b) whether the party is indispensable or whether "in equity and good conscience the action should proceed among the parties before it." Fed. R. Civ. P. 19(b).

Clearly, based on the documents submitted to this Court, Amerinet Group Purchasing, LLC is a necessary party that should be joined in this case. Those documents reflect that it is in

---

were paid) provides in Section 10.07: "Manager [Vector] may not assign this Agreement or delegate, assign or subcontract all or any of its duties under this Agreement without the express written consent of JPC; provided, however, that Manager may freely assign this Agreement to an Affiliate of Manager or to any successor of Manager as a result of a sale of substantially all of its assets, merger or like transaction, *provided it first notifies JPC in writing of the Affiliate or successor. . . .*" (Exhibit 9) (emphasis added). JPC has never received any such notice.

fact Amerinet Group Purchasing, LLC, not Amerinet, Inc., that succeeded to Vector's rights under the Purchase Agreement. Thus, resolution of the issues in this case – particularly who has the right to use the names "Joint Purchasing Corporation" and Creative Source Concepts, Inc." and who is entitled to seek recovery from Defendants of certain administrative funds – should be resolved in one case with all applicable parties with a stake in the matter. "It is well established that a party to a contract which is the subject of the litigation is considered a 'necessary' party." *Sever v. Glickman*, 298 F. Supp.2d 267, 275 (D. Conn. 2004) (and cases cited therein). Defendants should not be exposed to potential double liability or repetitive lawsuits, first by Amerinet, Inc., and then by Amerinet Group Purchasing, LLC, two separate companies. Fed. R. Civ P. 19(a). Amerinet Group Purchasing, LLC as a party is critical to the disposition of the important issues in the litigation and its absence would not fully and finally determine this entire controversy, accord complete relief among those already parties or do complete justice. *Id.* Indeed, given there is a pending suit in New York with both Amerinet, Inc. and Amerinet Group Purchasing, LLC as parties, it is possible that there could be inconsistent rulings in the two forums. *Id*.

Accordingly, this case should be dismissed unless Amerinet Group Purchasing, LLC is joined as a necessary party under Rule 19(a).

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court dismiss this lawsuit.

Respectfully submitted,

JOINT PURCHASING CORPORATION,
CREATIVE SOURCE CONCEPTS, INC.,

By their attorneys,

*/s/ David A. Wollin*
David A. Wollin (#4950)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
E-Mail: dwollin@apslaw.com
Phone: 401.274.7200
Fax: 401.351.4607
Dated: June 5, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of June, 2007, I did send a true copy of the within document by electronic means (ECF) to:

Linn F. Freedman, Esq.
Nixon Peabody, LLP
One Citizens Plaza, Suite 500
Providence, RI 02903

*/s/ David A. Wollin*

419159_1.doc